No. 15.—John Doe, *ex dem.* of William W. Cheever, plaintiff in error, *vs.* Richard Roe cas. ejector, and Henry Hora, tenant in possession, defendant in possession.

By the laws of Georgia an administrator may sell land *by agent.*

Ejectment in Dougherty Superior Court. Tried before Judge Allen, May Term, 1857.

The only question in this case, arises upon the rejection by the Court of certain evidence offered by the plaintiff.

It was admitted that defendant was in possession of the premises in dispute, at the commencement of the suit.

Plaintiff offered the grant from the State of Georgia, to Donald McDonald, for the lot in controversy—No. 71, in 1st district of Dougherty county.

It was admitted that McDonald was dead, and that Isaac E. Bower was the administrator of his estate.

Plaintiff then offered a power of attorney from Bower, the administrator to Thomas J. Dunn, and a deed made in pursuance of, and by virtue of said power, by Dunn to Stephen T. Mallory, who was the purchaser of said lot at the administrator's sale.

Defendant's counsel objected to their admission in evidence, on the grounds that the power of attorney, and deed made under it, were void.

The Court sustained the objection, and excluded the evidence; and counsel for plaintiff excepts.

Vason & Davis, for plaintiff in error.

Strozier & Slaughter, for defendants in error.

*By the Court.*—Benning, J. delivering the opinion.

Can an administrator sell land by agent, in this State?

The general opinion is, that *delegatus non potest delegane;* but this principle applies only to cases in which, the thing to be done by the agent, is that kind of thing, in the doing of which, there is room to the doer, for the exercise of judgment and discretion.

By the common law, there was room to the executor with a power of sale, for the exercise of judgment and discretion in he sale. He might sell at public sale, or at private sale; he

might elect the place, the day, the hour, of sale. Hence it was, that, by the common law, he could not delegate his power of sale to an agent. *Sug. Pow. Ch. 5; Sec.* 1; *Wms. Executors, part iii., Book* 1, *Ch.* 1, *Stor. Ag. Sec.* 13.

But by our statute, there is no room to an administrator for the exercise of this sort of discretion and judgment in his sales. The statute says, that his sales are to be "at public auction, and on the first Tuesday of the month, between the usual hours of sale, at the place of public sales in the county where such real estate "may lie." The administrator "first giving sixty days notice thereof, in one of the gazettes of this State, and at the door of the Court House, in the county where such sales are to be held." *Cobb's Dig.* 323.

An administrator, in this State, has no more discretion in his sales, than a Sheriff has in his. And a Sheriff has power to appoint deputies for all purposes.

It is the common practice in this State, for administrators to sell by auctioneers, and the validity of such sales has never, I believe, been questioned.

Indeed, it is essential to the performance of his duties, that an administrator should have the power to appoint agents within certain limits. There are cases in which, he must have an overseer or stock-keeper, a custodian of property, a factor, a physician, a lawyer.

Upon the whole, my opinion is, that by the law of this State, an administrator can sell land by agent. Hence I go for reversing the judgment of the Court below.

Judgment reversed