TRIPP *et al. v.* FAUSETT *et al.*

1. The tract of land in controversy being one containing two hundred and two and a half acres, and it affirmatively appearing from the evidence that the testator under whom the plaintiffs claim title was in actual possession of a part of the tract only, the plaintiffs could not recover on this mere possessory title (no written color in the possessor being shown) any of the tract except such as was embraced in this possession. And inasmuch as the evidence failed to identify the part which was in possession and distinguish it from the part which was not, the verdict should have been for the defendants.

2. As the possession of the testator could not be aided by the subsequent appraisement of the land as a part of his estate, or by any return made by the executor in respect to his own dealings with the land, these dealings not having been followed up either by continuous possession in himself as executor or by turning the land over to the tenant for life, or otherwise administering it under the will, the appraisement and the return and the parol evidence in relation thereto were irrelevant and should have been excluded when offered in evidence. The will, however, was relevant and admissible, although it contained no description of the land but disposed of the testator's estate as an entirety.

3. One who enters upon land under a conveyance from one not in possession and, so far as appears, not having any color of title, enters and improves the premises at his peril; the true owner is under no obligation to account to him for taxes paid, or for the cost of improvements over and above the mesne profits accruing from the land during the period of his occupation.

August 20, 1894.

Ejectment. Before Judge SMITH. Dodge superior court. September term, 1893.

DeLACY & BISHOP, for plaintiff in error.

JORDAN & WATSON and E. A. SMITH, *contra.*

SIMMONS, Justice.

This was an action for the recovery of a tract of land containing 202½ acres, to which the plaintiff claimed title under the will of John C. Rawlins. No written title or color of title in the testator was shown, but the plaintiffs based their claim upon his prior possession of the land. The testimony showed that he was in actual possession of only twenty-five or thirty acres of the lot. To entitle the plaintiffs to recover the whole lot, it was necessary to show either a deed or other written color of title in the testator covering the whole lot, or that he had actual possession of the whole. If they were entitled to recover at all, under the evidence, they could only recover the quantity of land which was actually in the possession of the testator at the time of his death; but inasmuch as they failed to show what part of the lot was then in his possession and distinguish it from the part which was not, the verdict should have been for the defendants.

2. It was error to allow the plaintiffs to prove that the executor had the whole lot appraised, and that he made certain returns to the ordinary concerning it. The appraisement and returns could not aid or enlarge the possession of the testator, it not being shown that the executor followed up the possession of the testator by continuous possession of the land himself, or that he turned it over to the tenant for life or otherwise administered it under the will. The will, however, was relevant and admissible, although it contained no description of the land but disposed of the testator's estate as an entirety.

3. When the case was announced ready for trial, the defendant Tripp offered, in addition to his pleas of the general issue and prescription, an amendment in the

nature of an equitable plea, in which he claimed that he had entered upon the land in good faith, believing he had a good title, and placed valuable improvements upon it and paid the taxes; and he prayed that if the title he held should prove invalid, the amounts so paid out should be allowed him. He did not state in the plea from whom he purchased the land, if he did purchase it from any one, nor whether the vendor had any title or color of title. The court did not err in striking this plea. One who enters upon land under a conveyance from one not in possession and, so far as appears, not having any color of title, enters and improves the premises at his peril; and the true owner is under no obligation to account to him for taxes paid, or for the cost of improvements over and above the mesne profits accruing from the land during the period of his occupation.        *Judgment reversed.*