## LEGGETT et al. v. PATTERSON et al.

1. When a copy of a lost deed is established by a judgment of the superior court, a certified copy of the proceedings with reference thereto, taken from the minutes and records of the superior court, is original evidence and is admissible as such, in any controversy where the original deed would be admissible ; and if such established copy of the lost deed has been placed upon record, the same is admissible in evidence without proof of the execution of the lost deed.

2. Although a deed purports to be for a valuable consideration, it may be shown to be in reality voluntary only.

3. An innocent and bona fide purchaser from one who took under a deed purporting to be for value but which was really voluntary, and who went into possession immediately upon the execution of such voluntary deed and remained thereon continuously for more than twenty years, acquired a title superior to the rights of those claiming under a purchaser for value who took subsequently to the execution of the voluntary conveyance.

4. The rulings of which complaint was made with reference to the admission of evidence were free from error; and the court did not err in directing a verdict for the defendant, for any reason assigned in the motion for a new trial.

Submitted January 11, — Decided February 6, 1902.

Ejectment. Before Judge Bennet. Appling superior court. February 28, 1901.

*Bennet & Bennet,* for plaintiffs.   *Leon A. Wilson, G. J. Holton & Son,* and *T. H. Parker,* for defendant.

LEWIS, J.   Mrs. Ardelia Leggett and others, heirs of A. E. Leggett, brought an action of ejectment against Patterson, for the recovery of a tract of land in the town of Baxley, consisting of one fourth of an acre.   On motion, Thomas, a purchaser from Patterson, was made a party defendant.   The plaintiffs and the defendants claimed through a common grantor, A. P. Surrency.   The plaintiffs introduced in evidence a deed from Surrency to A. E. Leggett, dated September 22, 1873, reciting a consideration of $60, and conveying the land in dispute.   They also introduced evidence tending to show that, although the land had been continuously in the possession of the defendants' grantor, Mrs. Rebecca Byrd, from the time of the conveyance by Surrency to A. E. Leggett, Mrs. Byrd's possession was not adverse, but merely permissive, she being a tenant by sufferance of A. E. Leggett.   The defendants introduced an established copy of a deed (claimed to have been lost) from Surrency to Mrs. Byrd, dated May 9, 1873, and conveying the land in

controversy.    This deed recited a consideration of $50, but Mrs. Byrd admitted in her interrogatories that it was wholly without consideration.    The evidence as to whether Mrs. Byrd's possession of the land was adverse or permissible was conflicting.    It was admitted that Patterson and Thomas took the land without actual notice of the fact that Mrs. Byrd's deed was without consideration. At the conclusion of the evidence the court directed a verdict for the defendants.    The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

1. The plaintiffs objected to the introduction in evidence of a certified copy of the proceedings of the superior court of Appling county, establishing a copy of the alleged lost deed conveying the land in dispute from Surrency to Mrs. Byrd, the grounds of objection being, (1) that the paper tendered was a copy, and not the original, and the defendants had not proved the execution of the original deed; (2) that if there was an original deed, the defendants had not accounted for it; and (3) that the petition made to establish the deed was not sworn to.    These objections were properly overruled by the court below, and there was no error in admitting the certified copy in evidence.    The Civil Code, § 3611, declares that if an original deed be lost, a copy may be established by the superior court of the county where the land lies, and, when so established, shall have all the effect of the original.    Sections 4745-4748 set out how a copy is to be established.    The deed offered in the present case had been established by regular proceeding in the superior court of Appling county, and the copy so established was recorded on the record of deeds in the office of the clerk of the superior court.    A certified copy of those proceedings, taken from the minutes, had all the force of an original, and it was not necessary to prove the execution of the original deed.    See *Beverly* v. *Burke*, 9 *Ga.* 445; *Williams* v. *Cowart*, 27 *Ga.* 187.

2, 3.    As before seen, the deed from Surrency to Mrs. Byrd, while purporting to be for a valuable consideration, was shown to be in reality voluntary, and as such was attacked by the plaintiffs, who claimed that the deed from Surrency to A. E. Leggett, their ancestor, being for a valuable consideration, would, although subsequent in date, take precedence over the deed to Mrs. Byrd, which was entirely without consideration.    It appears, however, that Mrs. Byrd was in possession of the land prior to the time of the conveyance

to A. E. Leggett, and that she remained in uninterrupted possession for more than twenty years, up to the time that she sold to Patterson. It is undisputed that Patterson was an innocent and bona fide purchaser from Mrs. Byrd, and that there was nothing to put him on notice of any claim to the land by the Leggetts. It appears that when Patterson first contemplated buying from Mrs. Byrd, he went to A. E. Leggett and inquired whether or not he owned any land in the neighborhood of where Mrs. Byrd was living, and Leggett replied that he owned land adjoining that of Mrs. Byrd, but it does not appear that at the time he made any claim to the land now in controversy. We think it clear, under this state of facts, that Patterson, who was an innocent and bona fide purchaser from Mrs. Byrd, without notice of any claim to the land on the part of the Leggetts, took in law a superior title to that of Leggett, although the deed to Leggett was for a valuable consideration and that to Mrs. Byrd was voluntary.

4. No error appears to have been committed by the court below in any of its rulings with reference to the admission or exclusion of evidence; nor, from any reason that is assigned in the motion for a new trial, does it appear that there was any error in directing a verdict for the defendants. The judgment will therefore be

*Affirmed. All the Justices concurring.*