WHITEHEAD, administrator, v. PITTS.

1. Where, in an action of ejectment, brought by an administrator, the plaintiff relies for recovery upon actual possession, by his intestate, of the tract of land sued for, and the evidence shows that such intestate was in the actual possession of a part of such tract only, and fails to identify the part which was in possession, and to distinguish it from the part which was not, and no color of title to the premises in dispute is shown, a verdict in favor of the defendant is demanded by the evidence.

2. In the absence of proof that the plaintiff's intestate was in possession of the premises at the time of his death, the return of commissioners and the judgment thereon, setting apart the premises as dower to his widow, is not admissible in evidence as tending to show adverse possession by the plaintiff's intestate, as against one who was administrator upon the estate of the decedent at the time of the dower proceedings, but who, in his individual capacity, was neither a party nor a privy thereto, and who claims an independent title against the estate.

3. An advertisement of land for sale by one as administrator is not admissible in evidence against him in an action of ejectment, brought by his successor in office against him as an individual, as being in the nature of an admission by the defendant of the prior possession of the intestate, where the only description of the land advertised is "a part of land lot 271 in the 17th district of Harris county, to be sold as the estate of John T. Whitehead."

4. A deed which is void, both as a conveyance and as color of title, because the description of the land contained therein is so indefinite that the land is incapable of being located, is not admissible to show adverse possession in the grantee, even though it be shown that such grantee entered into possession of some land under the grantor.

5. It is not erroneous to refuse a request to give the jury a charge which is not authorized by the evidence.

6. A mere general complaint in a motion for a new trial, that a quoted excerpt from the charge of the court is erroneous, is without merit, when the portion of the charge excepted to states a correct abstract principle of law.

7. It is not erroneous to refuse a written request to charge based upon evidence which the court has properly excluded.

Submitted July 18, 1906.—Decided March 1, 1907.

Ejectment. Before Judge Little. Harris superior court. October term, 1905.

*S. B. Hatcher*, for plaintiff. *J. H. Martin*, for defendant.

EVANS, J. A. H. Whitehead, as administrator of the estate of John T. Whitehead, brought an action of ejectment against I. H. Pitts, to recover a certain tract of land lying in the 17th district of Harris county, being a part of the west half of lot 271, containing 5¼ acres, which was particularly described in plaintiff's

petition. Plaintiff relied for a recovery, first, upon proof of possession in his intestate at the time of his death, and, secondly, upon actual adverse possession of such intestate, his heirs and legal representative, and his widow as dowress for more than twenty years. The defendant was· administrator of the intestate at the time the dower was set aside, but claimed under a title subsequently acquired from another source. Plaintiff sought to prove possession in his intestate, at the time of his death, of the particular tract sued for, by showing that such intestate was in possession at that time of the whole of the west half of lot 271, and that this particular tract was embraced within such larger tract. Upon the trial the jury found in favor of the defendant, and plaintiff's motion for a new trial being overruled, he excepted.

1. There is no merit in the general grounds of the motion for a new trial. The evidence, construed most strongly in favor of the plaintiff, failed to show that his intestate at the time of his death was in possession of the whole of the tract of land sued for. At most it only showed that he was then in possession of a small portion of this tract, and failed to definitely describe what such portion was. Inasmuch as the evidence failed to identify the part which was in his possession, and distinguish it from the part which was not, the verdict in favor of the defendant, regardless of the evidence offered in support of defendant's title, was demanded by the evidence. *Tripp* v. *Fausett*, 94 *Ga.* 330.

2. Complaint was made in the motion for new trial because the court refused to admit in evidence the return of the commissioners and the judgment thereon, setting apart dower to the widow of plaintiff's intestate in a described portion of lot 271, which portion it is claimed embraced the premises in dispute. This evidence was "offered by plaintiff as evidence of adverse possession of his intestate, and as tending to establish his right to recover the premises sued for." "The return of commissioners laying out dower in behalf of a widow from certain land is not admissible as tending to show title in the estate of her deceased husband, as against persons who were neither parties nor privies to such assignment." *Wright* v. *Ammons*, 69 *Ga.* 770. It is contended, however, that as the defendant, Pitts, was, as administrator of John T. Whitehead's estate, a party to the dower proceeding, he is therefore bound in his individual capacity by the judgment rendered in this

proceeding. As said in 1 Freeman on Judgments, §156: "It is a rule of both the civil and the common law that a party acting in one right can neither be benefited nor injured by a judgment for or against him, when acting in some other right." So, as further said in the same section (p. 285): "If one is made a defendant in an official capacity, the judgment will not bind him personally, and if made a defendant personally, it will not bind him officially." To the same effect see Bigelow on Estoppel (5th ed.) 130, 131; Herman on Estoppel, §94; Hukm Chand on Res Judicata, 179 et seq.; *Braswell* v. *Hicks,* 106 *Ga.* 791. As the defendant did not claim under plaintiff's intestate, but set up title derived from another source entirely, the record of the dower proceedings was not admissible for the purpose for which it was offered. Had the evidence of the plaintiff shown possession of the premises by his intestate at the time of his death, this evidence would have been admissible for the purpose of showing continuance of that possession.

3. The court did not err in excluding from the evidence a copy of a newspaper containing an advertisement wherein I. H. Pitts, the present defendant, as administrator of the estate of John T. Whitehead, advertised for sale a "part of land lot 271 in the 17th district of Harris county, to be sold as the estate of John T. Whitehead," which advertisement was "offered in evidence by plaintiff as tending to establish adverse possession in John T. Whitehead at his death, and of his administrator, I. H. Pitts, after his death." The advertisement was not admissible as in the nature of an admission by the defendant that plaintiff's intestate, at the time of his death, was in possession of the land therein described; because the description in the advertisement was too indefinite to show to what particular tract of land the admission would apply. All that can be ascertained from the description in the advertisement is that some tract of land, of undisclosed dimensions and undefined boundaries, located somewhere in lot 271, in the 17th district of Harris county, was offered for sale by the administrator, as the property of his intestate. It does not appear whether the land offered was the east or the west half of lot 271, or whether it included or excluded the land set apart as dower. But counsel for plaintiff in error contends in his brief that this advertisement was admissible in connection with Pitts's testimony that he, as

administrator of John T. Whitehead, sold all of the west half of lot 271 except what was included in the widow's dower, and that he would have sold that portion also, but for the dower. He also testified that the land in dispute was not in the possession of his intestate, nor in his possession as administrator. The indefinite description in the advertisement was not aided by this testimony of Pitts; for if the land in dispute was neither sold nor intended to be sold, this advertisement was irrelevant to show an admission on the part of Pitts of adverse possession in his intestate.

4. Error was assigned in the motion for a new trial because the court refused to admit in evidence an unrecorded deed from James W. Echols to John T. Whitehead, dated October 9, 1844, as an ancient document, the motion reciting that the same was offered by the plaintiff, "not as color of title, but as evidence tending to establish the adverse possession of John T. Whitehead, plaintiff's intestate, it having been shown that he entered into possession under Echols, the grantor; and to establish that his entry was not permissive only, but was in his own right," etc. In *Luttrell v. Whitehead, 121 Ga. 699,* it was held that this very deed was void as a conveyance of title, and as color of title, because the description of the land therein was so indefinite that the land was incapable of being located therefrom. This ruling was again made in the very case with which we are now dealing, when it was before this court on a former occasion. *Pitts v. Whitehead, 121 Ga. 704.* The contention of counsel for plaintiff in error now seems to be that though a deed, because of the meagerness and indefiniteness of the description given of the land therein, may be void both as a conveyance of title and as color of title, it may be good as evidence tending to show adverse possession of the grantee, if accompanied by evidence that the grantee entered into possession of some lands under the grantor. In the very nature of things, it could not be shown that the grantee entered into possession of the land described in the deed, when it is impossible from the description in the deed to locate the land. If no land is described in a deed, then of course there can be no adverse possession of land under such deed. The proposition that a deed can be void as color of title, because it fails to describe any land, and yet good as showing adverse possession of the premises in dispute, is one that we

can not comprehend. It is, therefore, clear that the court did not err in excluding this deed from evidence.

5. The fourth ground of the amended motion assigns error upon the refusal of the court to instruct the jury, in effect, that if when Pitts entered into possession under the deed from Mary Whitehead he had actual knowledge of the possession and claim of title by the heirs at law of John T. Whitehead, then his possession would originate in fraud. There was no error in refusing to give the charge indicated. It was unauthorized by the evidence; and besides, it would have been erroneous for the court to charge the jury that a given state of facts would constitute positive or moral fraud. *Salter* v. *Salter,* 80 *Ga.* 178 (8).

6. In several grounds of the motion error was assigned upon certain excerpts from the charge of the court. In each of these grounds the movant failed to indicate wherein the charges were erroneous, and, as they were correct statements of abstract principles of law, no cause for a new trial was therein shown.

7. Complaint is made in the ninth and tenth grounds of the motion, because the court refused to give in charge certain requests which were based upon evidence which the court had properly excluded. It is clear that there can be no error in refusing to charge the jury upon the effect of evidence which was properly excluded from their consideration.

There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*