WEBSTER v. BLACK.

HILL, J.  1. A deed of conveyance to certain realty, upon a valuable consideration, properly executed and recorded, has priority over an older unrecorded deed of which the grantee in the younger deed had no notice at the time the deed to him was executed. *Rowe* v. *Henderson Naval Stores Co.*, 139 *Ga.* 318 (77 S. E. 17).

2. "Executors, administrators, guardians, and trustees are authorized to sell and convey property by attorneys in fact, in all cases where they may lawfully sell and convey in person." Civil Code (1910), § 3572. Accordingly, where a testator by his will gave his executors authority to sell privately or publicly, with or without an order of court, "just as they may think proper and best to accomplish the purposes hereinbefore declared, all or any portion of my estate," (among the purposes being the preserving and increasing of the value of the testator's estate during the widow's lifetime), and the executor gave a power of attorney to an attorney in fact, properly executed and recorded, authorizing the attorney in fact to sell, convey, and make titles for the executor to the lands in controversy in the instant case, and the attorney in fact did exercise such power and executed deeds to the land in controversy for the executor, such power will be held to have been properly exercised, in the absence of proof to the contrary; and such a deed would convey the legal title to the grantee. See *Scales* v. *Chambers*, 113 *Ga.* 920, 922 (39 S. E. 396).

(a) Though the grantee in the deed paid no money for the land, yet as it was conveyed to him for certain services performed by him as a real estate agent for the executors in selling other lands for them, this would constitute a valuable consideration for the deed.

3. Prior possession of land is not notice to a purchaser. Possession of real property which will charge a purchaser with notice is possession at the time the purchaser obtains his title. See *Cogan* v. *Christie*, 48 *Ga.* 585; *Hamilton* v. *Williford*, 90 *Ga.* 210 (15 S. E. 753).

4. The evidence authorized the court to enter judgment in favor of the plaintiff against the defendant for the land described in the pleadings.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 16, 1914.

Ejectment. Before Judge George. Wilcox superior court. October 4, 1913.

W. C. Black brought an action of ejectment against Mrs. F. M. Webster, tenant in possession, to recover lots of land Nos. 231 and 243 in the 12th district of Wilcox county. The case was submitted to the trial judge, on an approved brief of evidence and an additional agreed statement of facts, to pass on without the intervention of a jury. The court entered judgment in favor of the plaintiff against the defendant for the premises described in the declaration as amended, with cost of suit. The defendant excepted.

*Pearson Ellis* and *M. B. Cannon,* for plaintiff in error.
*C. W. Stevens* and *Hal Lawson,* contra.