### RAGAN *v.* CARTER *et al.*

1. A plaintiff in an action of complaint for land, who relies for a recovery upon the prior possession of his grantor (no written color of title in the possessor being shown), must show, in order to make out a prima facie case, that the possessor had actual possession of the whole tract, or, if he was in actual possession of only a part of the tract, the evidence must so define the boundaries of the part that it may be described in the verdict, before a prima facie case for the recovery of a part of the tract is made out.

2. Knowledge by one who purchases land that his vendor does not claim ownership, but is in possession of the land as the agent of another, goes to the good faith of the purchaser who attempts to prescribe under his vendor's deed, rather than to raise a technical estoppel against denying the title of his vendor's principal. The court's charge was in accord with this principle.

3. The instruction authorizing a recovery for one half of the premises,

under the circumstances detailed in the opinion, will not require a new trial.

JUNE 14, 1916.

Complaint for land. Before Judge George. Lee superior court. April 1, 1915.

*Ware G. Martin* and *Shipp & Sheppard,* for plaintiff.

*Robert R. Forrester, Peacock & Gardner,* and *Pope & Bennet,* for defendants.

EVANS, P. J. This was an action by D. A. Ragan to recover lot of land number 208 in the 14th district of Lee county, alleged to be in the possession of Jack Carter and Mrs. Annie L. Sparks as administratrix of F. M. Mims. The abstract of title relied upon by the plaintiff for a recovery was the possession of Dave Paxton until January 21, 1910, a deed on that date from Dave Paxton to B. J. Paxton, Jube Paxton, and T. D. Paxton, and a deed from these grantees to the plaintiff, executed March 11, 1911. The defendants relied upon prescription, based upon a deed from Warren Paxton to F. M. Mims and Jack Carter, executed in 1901, with more than seven years adverse possession thereunder. The trend of the evidence was that Warren Paxton had been in possession of the land for thirty or forty years prior to his conveyance to Carter and Mims. It was the plaintiff's contention that Warren Paxton held possession of the land as the agent of Dave Paxton, and that the defendants' deed was procured by fraud and with knowledge that Warren Paxton had no title to the land. The defendants' contention was that Warren Paxton was in possession of the land in his own right, and that they purchased the land in good faith from him, without any knowledge that it was claimed by another. Only a very small part of the land was ever in actual cultivation. The plaintiff submitted evidence tending to show that during Warren Paxton's possession he exercised acts of ownership over it by selling the timber and by cultivating a part of it, and by paying taxes upon it as the agent of Dave Paxton.

1. The plaintiff based his right to recover upon the prior possession of Dave Paxton, with whom he claimed privity of title. The court correctly charged the jury, that the plaintiff must recover upon the strength of his own title; that to recover upon the prior possession of the plaintiff's remote grantor, Dave Paxton, it must affirmatively appear from the evidence that Dave Paxton was in actual possession of the whole lot; that if his actual possession

extended only to a part of the lot, the plaintiff would not be entitled to recover the whole lot, nor any part of it unless the description of the part in actual possession was such as to enable the jury to define it in their verdict. *Tripp* v. *Fausett,* 94 *Ga.* 330 (21 S. E. 572) ; *Whitehead* v. *Pitts,* 127 *Ga.* 774 (56 S. E. 1004).

2. There was evidence authorizing a finding that one of the grantees from Warren Paxton knew, when he took the quitclaim deed, that Warren Paxton did not claim title to the land, but was in possession as the agent of Dave Paxton. Complaint is made that the court, in submitting the issue of title by prescription based on seven years adverse possession under a deed, did not instruct the jury that if the defendants purchased from the agent of one in possession, the purchaser would stand in no better position than the unfaithful agent, and would be estopped from asserting title against the agent's principal. We think the proposition was fully covered by the court's instruction that if the "defendants did take a deed from Warren Paxton, or if you should find that they knew at the time, or had actual notice at or before the time, that Warren Paxton had no title to the land, then I charge you that the defendants could never take advantage of any possession that they might have sustained and maintained under that deed, for however long a time they may have sustained the same; because in order for possession to ripen into a prescriptive title it must be asserted in good faith," etc. Certainly the plaintiff can not complain of this feature of the court's instruction. No question of equitable estoppel was raised by the pleadings. If one of the defendants had knowledge that he was buying from an unfaithful agent, who was in possession of the land for his principal, such knowledge bears upon the good faith of the purchaser, in determining whether his possession is adverse, rather than raising any question of technical estoppel.

3. The jury were instructed that if they should believe that the plaintiff was entitled to recover, but should find that a prescriptive title had ripened in behalf of one of the defendants in the action, but not as to the other, then the plaintiff would be entitled to recover an undivided one half of the premises. There was some evidence tending to show that the negotiations for the purchase of the land from Warren Paxton were conducted by F. M. Mims, who took the deed to himself and Carter. If Mims was

guilty of such moral fraud as would defeat prescription, his cotenant for whom he acted in the purchase would also be affected. One who buys land for himself and another and takes title to both represents his cotenant, and the latter is affected by any mala fides of the former in the procurement of the deed. Though the charge is erroneous, a new trial is not required. The jury were plainly instructed that actual fraud would defeat prescription. The verdict carries the necessary implication that neither defendant was guilty of fraud, and therefore the charge authorizing a recovery of one half under the court's submission was harmless error as against the plaintiff. The verdict for the defendants is supported by the evidence, and no reason appears for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*