## KEEN v. GEORGIA TRADING & DEVELOPMENT COMPANY et al.

GEORGE, J. 1. This was an action in ejectment to recover 2256 acres of land, more or less, known as the "Honeygall tract" in Glynn county, and mesne profits. The tract was described as bounded on the north by the Altamaha river, on the east by the "Middleton lands," on the

south by the "Butler lands," and on the west by the "Speight and Hooker lands." At the first term the defendants answered, asserting title to two tracts described as the "DeLorme tract" and the "Spear and Bailey tract," lying wholly or partially within the "Honeygall tract," disclaiming any claim of title or right of possession to any other portion of the land sued for. Both parties relied on prescriptive title. There was evidence tending to prove the location and boundaries of the "Honeygall tract" as alleged in the petition, and possession sufficient to show prescriptive title in the plaintiff. The evidence did not, however, require such a finding. There was also evidence tending to show possession by the defendants and their predecessors in title to the "DeLorme tract" and the "Spear and Bailey tract" for a sufficient length of time to ripen a prescriptive title in their favor. The jury returned a verdict in favor of the defendants for the two tracts of land claimed by them, and a judgment was entered in favor of the plaintiff for all the premises described as the "Honeygall tract" except the tracts recovered by the defendants, with costs. The plaintiff filed a motion for a new trial, which being overruled, he excepted. The court in his charge limited the plaintiff's right to recover upon his prescriptive title, and instructed the jury that prior possession by the plaintiff as a ground for recovery was not involved in the case. Error is assigned upon this instruction; and it is insisted that the plaintiff was entitled to recover upon proof of prior possession and also upon proof that his predecessor in title died in possession of the premises. Certified copies of certain deeds, under which the defendants claimed possession for more than seven years prior to the filing of the suit, were admitted in evidence over objection of the plaintiff, the objection being that the preliminary proof offered by the defendants as a basis for the admission of the copies was not sufficient "in that it failed to show that any of said alleged deeds had ever existed or been properly executed." This ruling of the court was also excepted to. *Held:*

1. In order for a plaintiff in ejectment to recover upon proof of an unabandoned prior possession (no written color of title in the possessor being shown), against one who subsequently acquires possession by mere entry and without any lawful right, the evidence must show that the possessor had actual possession of the whole tract, or, if he was in actual possession of only a part of the tract, the evidence must so define the boundaries of the part that it may be described in the verdict. *Ragan* v. *Carter,* 145 *Ga.* 320 (89 S. E. 206).

(*a*) The evidence failing to show actual prior possession of the whole tract and failing to identify with any degree of certainty whatever the boundaries of the tract actually possessed by the plaintiff's predecessors in title, a prima facie case for recovery on the theory of prior possession was not made.

(*b*) The evidence did not authorize a finding that any of the plaintiff's predecessors in title died in possession.

2. If the original of any properly registered deed is lost, destroyed, or inaccessible, and prima facie proof of the loss, destruction, or inaccessibility of the original be shown, a certified copy from the registry, in the absence of an affidavit of forgery, is admissible in evidence and is suffi-

cient to prove the existence, genuineness, and contents of the deed. Civil Code, § 5806; *Eady* v. *Shivey,* 40 *Ga.* 684; *Crummey* v. *Bentley,* 114 *Ga.* 746, 750 (40 S. E. 765); *Leggett* v. *Patterson,* 114 *Ga.* 714 (40 S. E. 736; *Hayden* v. *Mitchell,* 103 *Ga.* 431, 435 (30 S. E. 287).

3. The verdict, which is authorized by the evidence, is not too vague and uncertain to support the judgment. Assignments of error not specifically dealt with, in so far as they are sufficient in form to raise any question for decision by this court, do not show cause for reversal.

*Judgment affirmed. All the Justices concur.*

No. 1198. JULY 17, 1919.

Ejectment. Before Judge Highsmith. Glynn superior court. July 20, 1918.

*E. H. Williams,* for plaintiff.

*C. B. Conyers* and *Bennet, Twilly & Reese,* for defendants.