858

TOMS *v.* KNIGHTON.

No. 15303.   November 13, 1945.

862

*A. H. Gray,* for plaintiff.

*William Lowrey Stone,* for defendant.

DUCKWORTH, Justice. "The purchase of land, full payment of the purchase-money, and possession, create a perfect equity, which is good against the vendor, his heirs and those claiming under him with notice." *Sikes* v. *Seckinger,* 164 *Ga.* 96, 102 (137 S. E. 833). See also *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811); *Lee* v. *Pearson,* 138 *Ga.* 646 (5) (75 S. E. 1051); *Wall* v. *L. & N. Railroad Co.,* 143 *Ga.* 417, 420 (1) (85 S. E. 325); *Elrod* v. *Bagley,* 154 *Ga.* 670 (115 S. E. 3). "A perfect equity is the equivalent of legal title." *Bank of Arlington* v. *Sasser,* 182 *Ga.* 474 (3) (185 S. E. 826); *Chapman* v. *Faughnan,* 183 *Ga.* 114, 115 (3) (187 S. E. 634); *Sikes* v. *Seckinger,* supra. "Possession of land is notice of whatever right or title the occupant has." Code, § 85-408; *Baldwin* v. *Sherwood,* 117 *Ga.* 827 (45 S. E. 216); *Dix* v. *Wilkinson,* 149 *Ga.* 103 (2) (99 S. E. 437); *McDonald* v. *Dabney,* 161 *Ga.* 711 (8) (132 S. E. 547); *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (1-a) (185 S. E. 787, 105 A. L. R. 837); *Hicks* v. *Hicks,* 193 *Ga.* 382, 383 (18 S. E. 2d, 763). "He who takes with notice of an equity takes subject to that equity." Code, § 37-115; *Elrod* v. *Bagley,* supra. The notice which the law in this State presumes from adverse possession is actual notice and not merely constructive notice. *Walker* v. *Neil,* 117 *Ga.* 733, 748 (45 S. E. 387); *Dyal* v. *McLean,* 188 *Ga.* 229, 231 (3 S. E. 2d, 571). Of course, the possession which would amount to notice is not simply possession at some time prior to the acquisition of a deed by the contestant, but possession at the time such deed is obtained. *Webster* v. *Black,* 142 *Ga.* 806 (3) (83 S. E. 941); *Wood* v. *Bowden,* 182 *Ga.* 329 (6) (185 S. E. 516). "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116; *Walker* v. *Neil,*

supra; *Georgia R. Bank &c. Co.* v. *Liberty Bank &c. Co.,* 180 *Ga.* 4 (4-c) (177 S. E. 803); *Hall* v. *Turner,* 198 *Ga.* 763, 769 (32 S. E. 2d, 829). "The knowledge chargeable to a party after he is put on inquiry is not limited to such knowledge only as would be gained by an examination of the public records." *Dyal* v. *McLean,* supra. If no inquiry is made as to adverse possession, the presumption is that inquiry would have developed the right or title under which the possessor held. *Austin* v. *Southern Home Asso.,* 122 *Ga.* 439 (1) (50 S. E. 382); *Parker* v. *Gorlatowsky,* 127 *Ga.* 560, 563 (56 S. E. 846).

It is clear that under the evidence and authorities above mentioned the petitioner obtained a perfect equity, equivalent to legal title, in and to some portions of the land in controversy as against the grantor, his heirs, and those claiming under him *with notice.* The notice upon which the petitioner relies to defeat the claim of his adversary under a subsequently recorded deed and alleged possession is that notice which is given by the petitioner's possession at the time the defendant acquired his deed to the land in dispute. The evidence fails to show actual occupation of the entire premises. "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code, § 85-403. The nearest approach to showing full possession or occupation is the statement of the petitioner, after testifying that he put a part of the land in pasture and put a fence around it, that "I put a fence around it the next year after I bought it." Assuming that he was referring to a fence around the entire acreage, and not merely the pasture, his testimony does not assert that the fence was intact and complete on November 15, 1941, when the defendant acquired his deed. "Most" of the fence is still there. The fence is incomplete, but when it ceased to be complete is not disclosed. For aught that appears it was not continuous on November 15, 1941. Therefore, it can not be said that on that date a fence encircled the entire premises and the petitioner had possession of the whole, and it is not claimed that it was aided by natural barriers. Will his possession in part, together with full payment of the purchase-price, entitle the petitioner to a perfect equity in the entire 13 acres contracted for? The answer will depend

upon whether or not the actual possession will extend his possession to the full acreage. Since the petitioner obviously did not occupy the entire premises on November 15, 1941, he could not successfully assert title to all of the 13 acres unless aided by what has become known as "constructive possession." But at common law only actual possession was recognized, and constructive possession, as evidenced by our Code and the decisions of this court, and according to text writers, is applicable only where there is paper title. "The essential elements of constructive possession are: 1. A writing describing the tract and purporting to confer title thereto upon the possessor, i. e., color of title. 2. Actual possession of some portion of the tract. 3. A claim of ownership, over the portion not held in actual possession, as well as over that portion so held." Powell on Actions for Land, § 307, and numerous cases there cited. Admittedly the petitioner had, on November 15, 1941, when the defendant acquired his deed, no paper title to any part of the land in dispute, and thus legally he would seem to be limited in his title to actual occupancy. The decisions we have cited as to equitable title, by reason of a parol purchase, full payment, and possession, do not contain any specific discussion as to the extent of possession by the holder of the equitable title, and the point does not seem to have been raised. So far as is indicated by the decisions we have cited, actual possession may have been assumed by this court. However, in *Cook* v. *Long,* 27 *Ga.* 280, this court did deal with the question as to the extent of possession of an occupant possessio pedis under a parol purchase of land with money fully paid, and it was held that "one going into possession of land, under a parol purchase, can hold only to the extent of his actual possession." That decision has never been criticized or disapproved and is controlling here, and requires us to rule, as we do, that the petitioner's right or title was limited to the portion of the premises actually occupied.

It becomes unnecessary to determine whether or not the evidence required a finding as a matter of law that the defendant was put on notice of some actual possession by the petitioner, since such notice would not be sufficient to entitle the petitioner to prevail as to the entire premises. The geographical actual possession of the petitioner was not made to appear with such definiteness as would have enabled a verdict in his favor to have been rendered

and enforced; and if any affirmative relief were sought to be granted by the trial court, it could not be ascertained to what extent the defendant should be restrained from trespassing. Hence, assuming but not deciding that by his petition the complainant was charging trespass by the defendant, and not possession, at the time the action was brought, the only verdict that could have been legally rendered under the evidence was one finding in favor of the defendant. Accordingly, the judgment must be affirmed. Compare *Tripp* v. *Fausett,* 94 *Ga.* 330 (21 S. E. 572) ; *Whitehead* v. *Pitts,* 127 *Ga.* 774 (56 S. E. 1004) ; *Ragan* v. *Carter,* 145 *Ga.* 320 (1) (89 S. E. 206).

*Judgment affirmed. All the Justices concur.*

BELL, Chief Justice, concurring specially. I am inclined to the view that the plaintiff would not acquire a perfect equity, equivalent to legal title, to the omitted 13-acre tract, under the facts summarized in the first headnote. It may be that the oral agreement would be merged in the deed, and that any right or claim that the plaintiff might have with respect to the omitted tract would depend on reformation. *Carr* v. *Augusta Grocery Co.,* 183 *Ga.* 346 (188 S. E. 531) ; *Kennedy* v. *Kennedy,* 183 *Ga.* 432 (3) (188 S. E. 722, 109 A. L. R. 1143) ; *Taylor* v. *Board of Trustees of Glenlock Public School,* 185 *Ga.* 61 (194 S. E. 169). If such reformation would be necessary, I do not think it could be said that the plaintiff had a perfect equitable title to the omitted tract. *Magid of Tallulah Inc.* v. *Beaver,* 183 *Ga.* 485 (189 S. E. 43). However, if the plaintiff did have a perfect equitable title to the omitted tract, as ruled by the majority, I think he would have it by reason of the full payment of the purchase-money alone, and that actual possession would not be a prerequisite thereto. Code, § 37-802 ; *Grace* v. *Means,* 129 *Ga.* 638, 644 (59 S. E. 811) ; *May* v. *Sorrell,* 153 *Ga.* 47 (3), 53 (111 S. E. 810) ; *Long* v. *Godfrey,* 198 *Ga.* 652 (32 S. E. 2d, 306).

What I have just said has reference solely to the question as to equitable title, and does not in any way concern the question as to what would constitute notice to a purchaser. Nor do I mean to say that it would be necessary for one to have a perfect equitable title before he would be entitled to the protection of a court of equity as against a subsequent purchaser with notice. Code, § 37-115.

Now, with reference to the question of notice, I understand the majority to hold that possession of land is notice only of the possessor's right or title as to land under actual occupancy; in other words, that such notice would be limited as a matter of law to the portion of the premises actually occupied. I cannot agree with this view. The court has seemingly applied the rule as to the kind of possession that may ripen into prescriptive title after 20 years. Code, § 85-406. In such case, of course the prescription "will not extend beyond the possessio pedis." *Tillman* v. *Bomar,* 134 *Ga.* 660 (5) (68 S. E. 504). It seems to me that the two rules are different, and that notice by possession would not necessarily be thus limited. As to this particular question, the majority opinion appears to rely mainly upon *Cook* v. *Long,* 27 *Ga.* 280, but in that case no question of notice to a purchaser was involved, the occupant claiming merely to have acquired "statutory title" by actual occupancy or possession of the land in dispute. The question of actual notice is one relating to the purchaser's state of mind, and is not necessarily controlled by the metes and bounds of the land actually occupied. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116. This principle must go hand in hand with the rule stated in the Code, § 85-408, as to notice by possession, and applying both principles to the facts of this case, I am of the opinion that the plaintiff's possession should not be limited as notice merely to the land held by him under actual occupancy. A tract containing only thirteen acres is in dispute. The plaintiff claimed that this tract had been purchased by him along with other lands, but that through oversight the deed that was made failed to include the tract in question. The majority opinion goes on the theory that, although the plaintiff was in actual possession of portions of such 13-acre tract at the time the defendant purchased it, the plaintiff must lose his case with respect to this entire tract, merely because the extent of his actual occupancy was not made to appear with sufficient definiteness to support an enforceable verdict and judgment.

, It is my view that under Code, § 85-408, actual possession will

constitute notice *as a matter of law,* as to land actually occupied, while under section 37-116, the same possession may be found as matter of fact to constitute notice as to additional land, depending on the particular facts and circumstances. Thus, in the instant case, if the plaintiff was in actual possession of parts of the land in question at the time of the defendant's purchase, it seems to me that even despite such lack of definite description, the jury would have been authorized, if not required, to find that before purchasing this land the defendant should have inquired of the plaintiff as to his right or title to the parts of it that he so held in actual possession, and that if such inquiry had been made, the defendant would thereby have ascertained that the plaintiff claimed the entire tract in dispute, containing, as it did, only thirteen acres, in a single lot, and its own boundaries being definite, to wit, original lot lines and a creek. *Austin* v. *Southern Home Building &c. Assn.,* 122 *Ga.* 439 (2) (50 S. E. 382); *Parker* v. *Gortatowsky,* 127 *Ga.* 560, 563 (56 S. E. 846); *Terrell* v. *McLean,* 130 *Ga.* 633 (4) (61 S. E. 485); 22 R. C. L. 722, § 486.

Nevertheless, the defendant contended and testified that the plaintiff was not in possession of any part of the tract at the time he purchased it, and under the evidence as a whole it cannot be said that the verdict for the defendant was unauthorized. *Dix* v. *Wilkinson,* 149 *Ga.* 103 (2) (99 S. E. 437); *Webster* v. *Black,* 142 *Ga.* 806 (3) (83 S. E. 941). Accordingly, the court did not err in overruling the plaintiff's motion for a new trial, based solely on the general grounds. For this reason, I concur in the judgment.