LARKIN A. ALLEN, plaintiff in error, vs. MATHEW J. HOLDING, et al., defendants in error.

A bond for titles with the purchase money paid, is not good against a subsequent conveyance, to a purchaser for value who purchases without notice of the bond, and records his conveyance in due time.

In Equity, in Carroll Superior Court.  Tried at April Term, 1859.

This was a bill filed by Mathew J. Holding against Larkin A. Allen and John Catlett, to enjoin an action of ejectment brought by Allen against complainant, for lot of land No. 3, in the sixth district of Carroll county.

The bill alleges, that Catlett was the drawer of said lot,

who sold the same in 1828 or 1829, before the grant issued, to one Martin Berry, for thirty-five dollars, and that he executed a bond for titles, to be made when the grant should issue.    That Martin Berry sold said lot to Jesse Berry, and gave his bond for titles.    That on the 20th April, 1836, Jesse Berry sold the lot to John Dobson, and executed to him his bond for titles.    That on the 14th March, 1839, Dobson sold said lot to complainant for a valuable consideration, and transferred and assigned to him Jesse Berry's bond for titles.

The bill further states, that on the 14th November, 1843, the said John Catlett again sold said land to Larkin A. Allen, and conveyed the same to him by a deed duly executed, of that date.   The bill charges, that Allen had notice at the time he purchased, that Catlett had previously sold said land; and had given his bond for titles as aforesaid.

The bill further states that, on the 12th August, 1845, complainant sold said land to one Lewis Barton, who has had possession of the same ever since until recently, when, becoming dissatisfied, in consequence of the dispute about the titles to said land, and not having paid for the same, he has surrendered said land back to complainant, and that said Barton is now in possession only as the tenant of complainant.

The bill further states, that Allen has commenced his action of ejectment against said Barton, and that the same is now pending on the appeal.

The bill prays, that said action be enjoined; that complainant be quieted in his possession, and that the deed from Catlett to Allen be delivered up and cancelled.

Defendants answered to the bill, and the case was submitted to the jury upon the bill, answers, proof, and charges of the Court, who returned a verdict for the complainant. Whereupon, defendants moved for a new trial upon the following grounds:

1st. Because the jury found contrary to law and the evidence.

2d. Because the statute of limitations was a bar to complainant's right to a recovery.   [Abandoned.]

3d. Because the Court charged the jury, that if they be-lieved from the evidence that Catlett sold the land to Berry, and gave his bond for titles, and that Berry paid to him the purchase money, then, at that point their investigation ceased. That it was not material whether Allen had notice or not. That Catlett could convey no title to the land to a second purchaser, either with or without notice.   That if a party sold land and gave his bond for titles, and received the purchase money before the deed was executed, that he could not convey a title to a second purchaser, even for a valuable consideration and without notice.

The Court overruled the motion for a new trial, and de-fendants excepted.

BURKE & BLACK; and WRIGHT, for plaintiff in error.

THOMASSON & FEATHERSTON, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Ought the Court to have granted the motion for a new trial?

Only one of the grounds of the motion, was insisted on, in this Court—the ground of the charge of the Court below. That is the only ground, therefore, which will be considered by this Court.

The charge was, that if "Catlett sold to Berry, and gave him bond for titles, and if Berry paid the purchase money, to Catlett, then, at that point, their investigation ceased; that it was not material, whether Allen had notice or not; that Catlett could convey no title to said land, to a purchaser, ei-ther with, or without, notice; that if a party sold land, and gave his bond for titles, and received the purchase money, before the deed to Allen was made, that he could not after-

wards convey a title, even to an innocent purchaser for a valuable consideration." Was this charge right? We think not.

Both parties claimed under the drawer, Catlett; the complainant, by a bond for titles made by Catlett in 1828, or 1829, with the purchase money paid; the defendant, by a deed of conveyance made by Catlett in 1843, and duly recorded. The bond, then, was the older of the two instruments.

The question on the charge is this: If the purchaser by the deed, had no notice of the bond, when he purchased, is the bond, nevertheless, to prevail over the deed? And this question depends on another: Did the payment of the purchase money, by the purchaser under the bond, have the effect, both to transfer the legal title, from the seller to him, and to incapacitate the seller, from conveying the land, even to a person ignorant of the first sale, and who recorded his deed in due time? The charge of the Court assumes that it had this effect.

The Registry Acts say, that a younger conveyance duly recorded, shall prevail over an older not duly recorded, unless the donee in the younger, bought with notice of the older. This being so, if, in this case, the bond for titles, had been a conveyance, the younger conveyance would have prevailed over it, as the younger was duly recorded, and the donee in it, bought without notice of the older. And what is a bond for titles? It is an agreement, under penalty, to convey, and an agreement to convey, is not so strong, as an actual conveyance; and therefore, it would seem, that a younger conveyance that is sufficient to prevail over an older conveyance, ought to be sufficient to prevail over an older agreement to convey; for whatever is sufficient to prevail over the greater, ought to be sufficient to prevail over the less.

Again, the Registry Acts *mention* deeds of bargain and sale. If, therefore, a bond for titles with the purchase money paid, is a deed of bargain and sale, it is within the *words* of

the Registry Acts; and therefore, unless duly recorded, it will yield to a younger conveyance of any sort, duly recorded, the donee in which, purchased without notice of such bond. I think, myself, that such a bond is, a deed of bargain and sale. A bargain and sale is but an agreement, on a money consideration, to convey, not itself a conveyance—an agreement to convey which, if properly enrolled, was, by the statute of uses, turned into a conveyance. 2 *Black. Com.* 338; see *Dudley vs. Bradshaw*, decided at Macon, June, 1859.

And again; if, notwithstanding the payment of the purchase money, by the purchaser under the bond, the legal title still remained in the vendor, then on principles of equity, a subsequent purchaser of this legal title, without notice of the bond, would be protected against the bond. I rather think, myself, that on the payment of the purchase money, the legal title did pass to the purchaser. Such payment made the vendor, as it seems to me, stand " seized" of the land, to the use of the vendee; and if it did, then it was a case in which, the use was executed, by the statute of uses; a case in which the legal title and the possession were, by that statute transferred to the use. But, I also rather think, that, even if the use was executed, there still remained, under the Registry Acts, a *power*—a *capacity*—in the vendor, to convey the legal title, in a *certain* case; that is to say, in a case in which, the purchaser should purchase, without notice of the bond, and should duly record his conveyance. And that was perhaps this case.

Upon the whole, the conclusion, to which the Court came, is, that it is *not* true, that the payment of the purchase money under the bond for titles, had the effect both to transfer the legal title, from the vendor, to the purchaser, and to incapacitate the vendor from subsequently conveying the legal title, to a person ignorant of the existence of the bond, and who recorded his conveyance, in due time. The Court thinks, that if Allen, the second purchaser, took a conveyance of the land, founded on a valuable consideration, with-

out notice of the previous bond for titles, and recorded that conveyance, in due time, the conveyance had priority over the bond for titles. And, consequently, the Court thinks, that the charge was erroneous, and, that there ought to be a new trial.

There is nothing in *Peterson vs. Orr,* (12 *Ga.*) adverse to this conclusion. That was a case in which, the persons concerned were all parties to the bond for titles, not a case in which, there were two sales by the same person. No doubt a bond for titles with the purchase money paid, is good against the *obligor.* It entitles the obligee to the possession, as against the obligor; certainly, in equity; and if, in equity, then also at law, by the Act of 1820, which says, that if a party conceives, that he can establish his case, without resorting to the conscience of his adversary, he may sue at law, and shall not be compelled to sue in equity. And so this Court has repeatedly held. See *Dudley vs. Bradshaw, supra.*

                    Judgment reversed