Wilkinson & Wilson *vs.* Chew.

---

WILKINSON & WILSON, plaintiffs in error, *vs.* LUCY V. CHEW, defendant in error.

1. The distributive share of one of the heirs in the reversion of land devised to a tenant for life, is subject to levy and sale as the property of the heir, at the suit of his creditor, though the estate for life be not terminated. And the same is true of a vested interest in remainder. In neither case is it necessary that the executor should have fully closed up the administration, if he has assented to the legacy for life, and the interest of the heir or legatee in the particular property is clearly defined.

2. The purchase of a remainder or reversionary interest by a tenant for life in possession, with payment of the purchase money in full, and taking a receipt therefor, will create a complete equity, without any conveyance or bond for titles; and upon such an equity the purchaser may defend, by ordinary claim, against a levy under a judgment of subsequent date to the purchase. The right to compensation in damages, afterwards assessed, for

injury done to the premises by opening or using a railroad, will also be in the purchaser, and the creditor cannot reach the fund by garnishment.

Levy and sale. Remainder. Reversion. Estates. Legacy. Claim. Land. Title. Before Judge GIBSON. Richmond Superior Court. April Term, 1875.

Reported in the opinion.

FRANK H. MILLER, for plaintiffs in error.

HOOK & WEBB, by H. CLAY FOSTER, for defendant.

BLECKLEY, Judge.

This was a claim case with a garnishment in the belly of it. Both were considered and decided together, and came here by one writ of error. In 1858 a will was admitted to probate. It ratified and confirmed a prior instrument called a deed, by which the testator gave to his wife for life, after his own death, certain described real estate in Augusta, without impeachment of waste, and at her death the same to revert to his heirs and distributees for apportionment among them according to the statute in such case made and provided. There were seven distributees. One of them, a son of the testator, sold out his interest to the tenant for life, (testator's widow,) receiving payment in full, and giving a receipt for the purchase money. This was in 1866. The widow was then in possession of the premises, and has so remained ever since. In 1870, a judgment was obtained against this distributee in favor of Wilkinson & Wilson. It does not appear when the debt was created, or whether credit was given upon the faith of this property or not. In January, 1875, execution, founded on this judgment, was levied upon the interest in question, the levy describing it as the one-seventh interest in remainder, etc. The widow interposed her claim, and at the trial the judge, upon the facts submitted to him, decided, first, that the interest levied upon was not such as to be subject to levy and sale, and, secondly, that the widow's title to it, as purchaser, was complete.

Wilkinson & Wilson *vs.* Chew.

1. On the first question, the judge's opinion was influenced by certain provisions in the will which may possibly be construed to modify, somewhat, the clear terms of the so-called deed.    Moreover, it appeared that the testator's estate was not fully administered; that there were some wild lands and an iron safe undisposed of, and some notes and accounts uncollected.    We do not think either of these considerations entitled to much force; but it is unnecessary to make any positive ruling on the special facts of the present case.    We content ourselves with announcing the general rule stated in the first head-note to this opinion: 6 *Georgia*, 454; 10 *Ibid.*, 77; 20 *Ibid.*, 100; 48 *Ibid.*, 596; 51 *Ibid.*, 433.    Where an interest is clearly defined, or easily definable by the conveyance or by the statute, or by both together, it ought to be subject. Only difficult and exceptional cases should stand outside of the general rule.    It would seem that the reasons given in 48 *Georgia*, 596, would apply in every case of undivided estates, but while the judgment in that case can be well sustained on the special facts, (the executor himself being the claimant) I doubt whether those reasons are not open to grave criticism. Distribution in kind is but partition, and if each distributee can sell privately as much or as little of his undivided interest as he chooses, it is difficult to see why it may not be levied upon and sold by the sheriff.    The purchaser, in either case, would simply occupy the place, *quoad hoc*, of the distributee or tenant in common.    Upon principle as well as authority, subjection to levy and sale should rest on two questions only: Is there a vested interest? and is it so definite as to be susceptible of description in terms of legal certainty?    What equities may afterwards arise between co-tenants or co-distributees, may be left to the general resources of remedial jurisprudence.

2. Our judgment in the present case turns upon the second point decided by the court below.    We think the purchase by tenant for life, she being in possession, and so continuing ever since, with payment in full, and a receipt for the purchase money, gave her a perfect equity.    It would entitle her to maintain a bill for specific performance: Code, section 3187;

and even if such possession is not notice to the creditor, there is no evidence that credit was given upon the faith of this particular property. It is, therefore, not the case of a subsequent purchaser of the legal title, nor of a creditor standing in the situation of a purchaser: 29 *Georgia*, 25. It follows that the garnishment was as unavailing to the plaintiffs as the levy. Compensation was assessed in 1874, in favor of the tenant for life and all the reversioners or remaindermen, covering all damages, past, present and future, to the premises by reason of the construction and use of certain railroads. This fund having been paid over to certain attorneys, was garnished in their hands by the plaintiffs, who insisted that their debtor, the defendant in the above mentioned judgment, was part owner of the same. The tenant for life is entitled to what would otherwise have been his interest in that fund, as it accrued after her purchase. It does not appear from the record that any part of the damage was done prior to her purchase, and if it did, there was no separate assessment for that part.

Judgment affirmed.