TEMPLES *vs.* TEMPLES *et al.*

[This case was argued at the last term, and the decision reserved.]

Where two parties exchanged tracts of land, and each took possession of the tract received by him, the fact that some three months thereafter, but before deeds were passed, one of the parties to such exchange received notice that his vendor had previously sold a portion of the exchanged land by parol and had received payment therefor, would not affect his title, nor would equity set aside such exchange or prevent its consummation by the passing of deeds.

(*a.*) After a purchaser of land has paid therefor and taken possession thereof, he has a perfect equity on which he could base an action of ejectment or defend against one, although no deed may have been executed, and equity will not subject land so purchased to the claim of one who holds an older equity of which no notice was given until after the purchaser had bought and taken possession.

February 13, 1883.

Title. Equity. Notice. Before Judge POTTLE. Hart Superior Court. March Term, 1882.

Reported in the decision.

JOHN P. SHANNON; F. B. HODGES, for plaintiff in error.

J. H. SKELTON; A. G. MCCURRY; S. REESE, for defendants.

HALL, Justice.

The defendants, M. D. C. Temples and Matthews, exchanged lands with each other, the former giving to the latter seventeen acres of land for fifty acres. Immediately upon this exchange, each took possession of the land he acquired from the other. The complainant had purchased and paid for five acres of the seventeen exchanged by Temples with Matthews, prior to said exchange, but was never in possession of any portion of it, and had no conveyance thereto. The transaction between him and Temples was verbal only. Some three months after Matthews

went into possession, but before he received any conveyance from Temples, or Temples had received a conveyance from him, the complainant notified Matthews of his claim to this five acres, a part of the tract he had obtained from Temples, insisting that he should not consummate the contract by receiving a deed to the land from Temples, and that he should make no deed to Temples for the fifty acres thus exchanged with him. He refusing to comply with this demand, the complainant brought this bill to compel a specific execution of his contract with Temples for the five acres of land which he had bought and paid for; he insisted that the notice to Matthews, before the making of the conveyance to him by Temples, of his equity to the land in question, entitled him to the relief prayed as to said five acres of land.

On the trial, the court charged the jury, "that if Matthews and Temples exchanged lands, and Matthews took possession of the seventeen acres and Temples took possession of the fifty acres, and at the time of the exchange and transfer of the two possessions, Matthews had no notice of the claim of complainant to the seventeen acres, under his contract with Temples, his title is good, although he might have known of the equities between complainant and Temples at the time he took the deed; that an innocent purchaser for value, without notice of an equity, takes free from the equity; but that if Matthews had notice of complainant's claim before or at the time of his verbal purchase and the exchange of the possessions of the two parcels of land, then he acquired no title to the seventeen acres, and his present possession was that of Temples, as to this complainant."

His honor refused, at the request of complainant's solicitors, to charge that, if Matthews had notice of complainant's claim before he had completed his trade or swap with Temples, then he took his deed subject to complainant's claim, and also refused a further request to charge that, if Matthews had notice of complainant's claim on the land in dispute before he parted with the title to his land

to defendant Temples, he cannot set up his title as a defence against complainant's claim.

The jury found for the defendants, and the complainant made a motion for a new trial, setting forth, among other grounds, the foregoing charge and refusals to charge. The motion was refused, and these grounds alone were insisted upon here for a reversal of the judgment.

The charge, as given, states the law correctly, and is directly applicable to the facts in evidence; if this notice had been given to Matthews before he took possession of the land he got from Temples by the exchange, and before Temples went into possession of the land he got from Matthews, then the requests of complainant would have been proper and the charge of the judge would have been erroneous. It would be difficult, if not impossible, to find a case where the entire purchase money had been paid and possession had been taken before the notice was given, in which the purchase would not be deemed *bona fide.* See 29 *Ga.*, 485. None of the cases cited by the plaintiff in error go to this extent. Take as an instance that cited from 7 Johns. Ch., 67, where it is said that the " payments were made, not only after the pendency of the suit, which was notice in law, but after actual notice of the plaintiff's claim must be taken to have been received. They were therefore payments made by the defendant in his own wrong, and his character of purchaser will not protect him. A plea of a purchase for a valuable consideration, without notice, must be with the money actually paid; or else, according to Lord Hardwicke, you are not hurt. The averment must be, not only that the purchaser had not notice at or before the time of the execution of the deed, but that the purchase money was paid before notice. There must not only be a denial of notice before the purchase, but a denial of notice before the payment of the money."

"A purchaser *bona fide*, without notice of any defect in his title at the time of the purchase, may lawfully buy in a statute or mortgage, or any other incumbrance, and if he

can defend himself at law by any such incumbrances bought in, his adversary shall never be aided in a court of equity, by setting aside such incumbrances; for equity will not disarm a purchaser, but assist him; and precedents of this nature are very ancient and numerous, viz: where the court has refused to give any assistance against a purchaser, either to an heir, or to a widow, or to the fatherless, or to creditors, or even to one purchaser against another. · .

" The maxims of the common law which refer to descents, discontinuances, non-claims, and to collateral warranties, are only the wise arts and inventions of the law to protect the possession and strengthen the rights of purchasers." 18 Viner's Ab., 112. Nor is our own law less mindful of this high duty to innocent purchasers, or less solicitous and careful about the protection it affords them. Code, §§2640, 3092, 3119, and the many cases referred to under each of these sections.

Matthews, by reason of his purchase and possession, and the payment in full of the consideration, could have defended himself against an action of ejectment, brought by the party holding this naked legal title. 3 *Ga.*, 5 ; 10 *Ib.*, 190–1; 21 *Ib.*, 150 ; 25 *Ib.*, 648. And he might also have maintained the same action against any one disturbing his possession, notwithstanding the fact that this legal title was outstanding in another. 54 *Ga.*, 192 ; 57 *Ib.*, 416 ; 55 *Ib.*, 81. His equity to the title and to have a conveyance of the same was perfect, and entitled him to a decree vesting the title in him; although his contract existed only in parol, full payment alone, accepted by the vendor, or partial payment accompanied with possession (Code, §3187), would be sufficient for that purpose.

In this case, there is full payment accompanied by possession, for about three months before any notice whatever was given of the equity set up by the complainant to a part of the land.

Judgment affirmed.