MORGAN *et al. v.* BATTLE.

B. and M. agreed orally that M. should bid off for B. certain land about to be sold at sheriff's sale, take the title in M's name, and hold the same for B. until the latter could pay for the land. M., in pursuance of this agreement, bid off the land; the sheriff made out and executed a deed conveying the land to M., but it was never delivered to him. Immediately after the sheriff's sale, B. went into possession of the land; and afterwards, with the sheriff's consent, paid the purchase money to the attorney of the plaintiff in the execution under which the land was sold. B's possession continued until he was subsequently evicted under another sheriff's sale. Under these facts, the parol contract between B. and M. was fully executed, and thus taken out of the statute of frauds, and B. obtained a complete equity in the land as against M. and all who hold under him.

March 18, 1895. Brought forward from the last term. Code, §4271(a-c).

Equitable petition. Before Judge McWHORTER. Warren superior court. April term, 1894.

E. P. DAVIS, A. S. MORGAN and W. P. DAVIS, for plaintiffs in error. JAMES WHITEHEAD, *contra.*

LUMPKIN, Justice.

The sheriff of Warren county levied an execution against J. L. Battle, as administrator, upon a tract of land as the property of his intestate, and advertised the same for sale. Before the sale, Battle requested Morgan to buy the land for him, take the title in Morgan's name, and hold the land for the use and benefit of Battle till he could pay for the same, to all of which Morgan assented. It does not appear to have been in contemplation of these parties that Morgan was to advance the money, and in point of fact it was never paid by him; but shortly after the sale, an arrangement was made with the attorney who represented the administratrixes of the original plaintiff in execution, who had died before the levy was made, by which time for payment was allowed. The sheriff made out and executed a deed conveying the land to Morgan, but it was never delivered

to him, nor did he ever have possession of the land. On
the contrary, Battle went into possession immediately
after the sheriff's sale, and afterwards, with the sheriff's
consent, paid the purchase money to the attorney above
mentioned, the latter giving his receipt to the sheriff
for the same. Mrs. N. C. Battle, claiming under Mor-
gan as the real purchaser, though she had no written
conveyance from him, made a deed conveying the land
to Morgan's wife and another, reserving to herself a
life-estate in the property. This life-estate was after-
wards levied on and sold by the sheriff under an execu-
tion against Mrs. Battle. At that sale, Norris, who had
notice of Battle's claim of title, became the purchaser
and went into possession of the land; and thus Battle,
who had held up to that time, was evicted.

Subsequently, Battle brought against Morgan, the
grantees of Mrs. Battle, and Norris, an equitable action
for the recovery of the premises with rents, praying:
(1) that Morgan be compelled to convey the land to
him (Battle) in fee simple; and (2) the cancellation, as
clouds upon his title, of the above mentioned deed from
the sheriff to Morgan, and that made by Mrs. N. C.
Battle to her grantees.

The above statement sets forth, substantially, the facts
relied upon by the plaintiff in support of his action.
On the trial of the case in the court below, there was
considerable conflict in the evidence upon nearly every
material matter involved; but the jury, as it was within
their province to do as the exclusive triors of all ques-
tions purely of fact, having by their verdict settled all
these issues in favor of the plaintiff, we are now called
upon to deal only with such questions of law as are
presented by the case which the plaintiff has thus suc-
ceeded in establishing.

Under the facts disclosed by the evidence introduced
in his behalf, we think there can be no doubt of his right

to the land. The parol contract between himself and Morgan was fully executed, and thus taken out of the statute of frauds; and inasmuch as Battle actually paid for the land, he obtained a complete equity as against Morgan and all who held under him. The second sheriff's sale was a nullity, so far as Battle's rights are concerned, and as against him, Norris, who took with notice of Battle's claim of title, gained nothing by becoming the purchaser of the land at that sale.

*Judgment affirmed.*