*J. J. Bull,* for plaintiff.
*Little & Battle* and *A. P. Persons,* for defendant.

---

BALDWIN v. SHERWOOD.

1.  Possession of land is notice to the world of whatever title or right the occupant has.

2.  Where one enters into possession of land under a valid parol contract of exchange with another, and surrenders, under such contract, possession of land owned by him, he obtains a complete equity in the land acquired by the exchange, superior to the legal title of the other party to the contract.

3.  The holder of a deed to the land exchanged under such a contract, executed by the party last named after the other party to the contract had entered into possession, can not recover from the latter possession of the land.

Submitted June 5, — Decided June 27, 1903.

Complaint for land.    Before Judge Butt.    Talbot superior court.
September 18, 1902.

*J. J. Bull,* for plaintiff in error.    *Persons & McGehee,* contra.

COBB, J.    This was an action to recover real property, brought
by Mary S. Sherwood against W. A. Baldwin.    The plaintiff claimed
under a security deed executed by R. P. Baldwin in 1883, and a
deed made in 1895 in pursuance of a sheriff's sale of the property
under execution issued against the grantor in the security deed.
According to the testimony for the defendant, he acquired the land
in dispute from R. P. Baldwin in 1881, either by purchase or ex-
change.    In one place the defendant appears to have testified that
he bought the land and paid $320 for it; while in another place he
testified that he acquired the land by virtue of a contract of ex-
change made with R. P. Baldwin.    The defendant further testified
that he entered into possession of the land in 1881 and had been
in possession ever since, though he had never received any deed to
the land from R. P. Baldwin.    In his plea the defendant set up that
he had bought the land in 1881 from R. P. Baldwin, paying him $320
for it; that he entered into possession under this purchase and had
been in possession ever since.    The court directed a verdict for the
plaintiff, ruling, so the bill of exceptions recites, " that, the defendant
admitting in his equitable plea that he bought the land from R. P.
Baldwin, it was unnecessary for the plaintiff to show title or pos-
session in R. P. Baldwin " at the date of the execution of the se-
curity deed to plaintiff.    This action of the court was, in our opin-
ion, clearly erroneous.    The evidence probably demanded a finding
that the defendant entered into possession of the land in 1881,
under a contract with R. P. Baldwin based upon a valuable consid-
eration, and that he has been in possession ever since.    But if it
be conceded that there was some evidence for plaintiff which tended
to show that R. P. Baldwin was in possession of the land when he
executed the security deed to plaintiff, the result would be the same.
If when the plaintiff in 1883 took from R. P. Baldwin the security
deed to the land the defendant was in possession, this possession
was notice to the world of whatever right or title he had.    Civil
Code, § 3931; *Neal* v. *Jones,* 100 *Ga.* 765; *Georgia State B. & L.
Ass'n* v. *Faison,* 114 *Ga.* 655.    If the defendant acquired the land
from R. P. Baldwin by purchase and paid a valuable consideration

for the property, he acquired a complete equity in the land, and R. P. Baldwin would, upon proper application, have been compelled to make him a deed to the land. Civil Code, § 4037; *Wilkinson* v. *Chew*, 54 *Ga.* 602; *Morgan* v. *Battle*, 95 *Ga.* 663. And he acquired a like equity if he made a valid contract of exchange of lands with R. P. Baldwin and so far executed the contract as to surrender the land which he contracted to give R. P. Baldwin in exchange. *Temples* v. *Temples*, 70 *Ga.* 480.

The plaintiff acquired from R. P. Baldwin, under her security deed, no more than he could convey at that time, and at most that was the mere naked title to the land. If the defendant was in possession at this time, the plaintiff was bound to take notice of his equity, because she could easily have ascertained the fact upon which he based his claim of title. We are unable to see how the defendant's plea could have so prejudiced his rights as to have authorized the direction of a verdict against him. He did not admit that R. P. Baldwin was in possession when the security deed was made, but on the contrary distinctly asserted that he himself entered into possession in 1881, and that he had been in possession ever since. His admission that R. P. Baldwin had title two years before he entered into the contract with the plaintiff, and that he claimed under R. P. Baldwin, would relieve the plaintiff from the burden of showing title back of R. P. Baldwin, but would not relieve her from showing, after the defendant had introduced his evidence, that the title of her grantor was superior to that of the defendant at the date of the conveyance to her. The plaintiff made out a prima facie case, but the evidence for the defendant presented issues for determination by a jury.

*Judgment reversed. All the Justices concur.*