## GRACE *v.* MEANS *et al.*

Where a vendee of land enters into actual possession and pays the entire purchase-price, he thereby acquires a perfect equity which is the equivalent of legal title, and upon the strength thereof can successfully defend in ejectment against the vendor, or any one claiming under him, although no formal deed conveying the legal title was ever executed.

(*a*) But full payment of the purchase-price, or tender thereof, is requisite to the establishment of such title.

(*b*) In complaint for land, where the plaintiff and defendant claim from a common propositus, the plaintiff claiming under a deed and the defendant under a prior parol purchase and actual possession at the time the plaintiff received his deed, if, in order to show full payment of the purchase-money and thereby to establish a perfect equity, the defendant relies upon certain payments made to the vendor, and others made to one claiming them under an independent contract with such vendor, and the plaintiff disputes the fact of appropriate payment, both the vendor and the other person, to whom the payments are alleged to have been made, are essential parties.

(*c*) In the absence of such parties, an offer to pay "to whomsoever may be entitled" a certain amount which the defendant alleges is due, after taking into consideration all the payments made to both of such parties, is not a legal tender or the equivalent thereof, and, in the absence of proof of payment of the full purchase-price to the vendor, is not sufficient to show a title under the perfect-equity doctrine.

(*d*) Under the pleadings and evidence in this case, and with the parties before the court, it was erroneous to direct a verdict that the ownership of the premises in dispute be decreed to be in the defendant upon the payment to plaintiff, before a stated time, of $18.90 with interest; that if such amount is not so paid, then the claims of the defendant to the premises shall cease, and the legal title shall be in the plaintiff upon his paying to the defendant the sum of $100 with interest, less $18.90 with interest; and further, that the above payments might be made to the clerk of court, instead of the parties, to be applied as indicated.

Argued May 25,—Decided December 19, 1907.

Complaint for land. Before Judge Parker. Pulaski superior court. September 1, 1906.

This is a complaint for land, instituted by T. H. Grace against Minerva Pate et al. After suit was instituted Minerva Pate died, and Lancaster, as administrator, was made party defendant in her place. The plaintiff amended by striking all other defendants. The suit as amended was for the recovery of one acre of land. It appeared that during the year 1893 W. J. Grace owned a tract of twenty-acres, known as the old Grace place, and sold one acre in the southeast corner thereof to Minerva Pate for $100. There was no written contract. She paid a part of the purchase-money, and was to pay the balance in the future. Under this arrangement she was admitted into immediate possession, and made valuable improvements, and remained in actual possession always until after the institution of this suit. After Minerva Pate had gone into actual possession, W. J. Grace, her vendor, entered into a contract with R. L. Means for the sale to him of the entire twenty acres, but verbally informed Means' attorney that when Minerva Pate should have paid enough more of the purchase-money owing by her to amount to $25, he would require Means to execute to her a bond for title. No deed was made, but half the purchase-price was paid and a note given for the balance by Means, who in turn received a bond for title from W. J. Grace. The note was negotiated and assigned by W. J. Grace to T. H. Grace. Afterwards, on October 6, 1896, negotiations were had between Means, W. J. Grace, and T. H. Grace, which resulted in Means surrendering to W. J. Grace his bond for title; whereupon W. J. Grace conveyed the property for value to T. H. Grace in fee, who in turn executed to Means his bond to convey the property upon payment of the purchase-money note which T. H. Grace then held. T. H. Grace, otherwise than as charged by law, did not have notice of Minerva Pate's possession. After all of this, Means, without the knowledge or participation of T. H. Grace, on October 16, 1896, required Minerva Pate to execute to him promissory notes for $9.45 each, to become due on the 16th days of April, July, and October, 1897, and on the 16th days of January, April, July, and October, 1898, aggregating $75.60, claimed as the balance due on account of the purchase-money owed by the defendant for the one acre in dispute. With respect to the several notes last mentioned, the defendant's plea contained the following: "Defendant paid all of said notes, with interest thereon, except two, amounting to $18.90." With

respect to the two notes not paid, the plea contained the following: "Defendant was ready when such notes fell due to pay them, and is now and at any time ready to pay them, and hereby makes a tender of the said sum of $18.90, with interest thereon, and will pay the same on said notes in any manner that the court may direct." The plea contained the following: "Defendant denies the right of the plaintiff to maintain his action against her, for the reason that the deed under which he claims was made to secure a debt, and that said debt is tainted with usury, the consideration being usurious, and is therefore absolutely null and void." Neither W. J. Grace nor R. L. Means was a party to the suit. The plea concluded with the following prayer: "The defendant having fully answered the plaintiff's petition, and having made valuable improvements on said lot, and having paid all of the purchase-money for the same, except $18.90 and interest, and being ready at all and any times to pay the same as the court may direct, she therefore prays the court to decree that she pay the balance of such purchase-money to whomsoever may be entitled to it, and that good and sufficient title be made to her, and . . for general relief." No demurrer to the plea was filed. No evidence was submitted upon the subject of tender, either before or after the institution of the suit. There was no evidence offered tending to show that the deed from W. J. Grace to T. H. Grace was based upon a usurious consideration. In all other respects, the evidence, without substantial conflict, was in accordance with the foregoing recitals. Upon the conclusion of the evidence, the court directed a verdict as follows: "We, the jury, find in favor of the defendant; that is to say, that the ownership of the premises sued for as being in the possession of Minerva Pate be decreed to be in her administrator, upon the payment to the plaintiff of the sum of $18.90 principal, besides interest at the rate of 8 per cent. per annum from Oct. 6, 1896, provided said balance due of $18.90 principal, together with interest thereon, be paid or tendered to the plaintiff in a reasonable time, to wit, on or before the 16th day of October, 1905. And if said amount is not paid or tendered to the plaintiff on or before said last-named date, then all claims of the estate of Minerva Pate to said premises shall cease, and the legal title to said premises shall be in said plaintiff upon his paying to said administrator the sum of $100, besides interest from October 16, 1896, at 8 per cent. per

annum, less $18.90, with interest on said last-named sum from Oct. 16, 1896, at 8 per cent. per annum; or the above payments may be made to the clerk of the court to be applied as herein found." The plaintiff moved for a new trial upon the grounds, among others, that the verdict was contrary to law and without evidence to support it, etc. The motion was overruled, and the plaintiff excepted.

*Tomlinson Fort* and *H. L. Grice,* for plaintiff.

*A. C. Pate* and *W. L. & Warren Grice,* for defendants.

ATKINSON, J. This is a complaint for land. Two defenses are made: one, that the deed under which the plaintiff claims was a mere security deed, based upon a usurious consideration, and therefore void; the other, that the defendant had equities, of which the plaintiff had notice at the time of his purchase, of such a character as would create superior title and defeat recovery. Upon the first defense, no evidence was offered in its support. No further reference need be made to that. The second defense was insisted upon, and upon that the court directed the verdict. The plaintiff and defendant claimed title from a common source. This avoids the necessity of proving title into the common propositus. Which of the two has the better title from the common propositus? The plaintiff has a deed based upon a valid consideration. The defendant has no deed, but insists that her equities are sufficient to defeat the assertion of title under the deed held by the plaintiff. It is well settled that where a vendee makes a contract for the purchase of land and pays all the purchase-money, and nothing remains to be done by him in order to comply with his part of the contract, he thereby acquires whatever title the vendor had, even in the absence of a deed. Such title is the equivalent of a deed from the vendor. *Pitts* v. *Bullard,* 3 *Ga.* 5 (46 Am. D. 405). See, also, in this connection, *Dowdell* v. *Neal,* 10 *Ga.* 148; *Skinner* v. *Willis,* 54 *Ga.* 195; *Adams* v. *Brooks,* 35 *Ga.* 63; *Temples* v. *Temples,* 70 *Ga.* 483; *Drummond* v. *Hardaway,* 21 *Ga.* 438; *McCandless* v. *Inland Acid Co.,* 115 *Ga.* 968 (42 S. E. 449); *Peterson* v. *Orr,* 12 *Ga.* 464 (58 Am. D. 484); *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96), and cases cited; *Dodge* v. *Spiers,* 85 *Ga.* 585 (11 S. E. 610). In the cases just cited and other cases in them cited, it has been held that, upon the strength of title acquired in that way, the vendee may sue or defend in ejectment, may sue for specific

41

performance, may assert title under a claim to property attempted to be sold under judicial process. Under the reasoning in those cases there can be no doubt that in ejectment, which is the remedy now under consideration, possession may be defended upon the strength of such title as against the assertion of title by the vendor, or one claiming under him. It is also well settled that actual possession of land is notice to the world of whatever interest the occupant has therein. *Garbutt* v. *Mayo,* 128 *Ga.* 269 (57 S. E. 495). From this it follows that if the interest be that of a purchaser, with only a part of the purchase-price paid, a subsequent purchaser from the same vendor would take subject to the right of the occupant to complete his contract, and thereby acquire a superior title from the common vendor. But, in order to pass title under the perfect-equity doctrine, it is prerequisite that all the purchase-money be paid, or legal tender thereof be made to the person thereto entitled. See, in this connection, *Scroggins* v. *Hoadley,* 56 *Ga.* 165, and cases cited; *McCurry* v. *Robinson,* 23 *Ga.* 324. The obligor would be under no obligation to convey until full payment according to the terms of the contract. It would remain executory, and no title would pass. In other words, no equity less than a perfect equity would be the equivalent of a deed. If, in the present case, the defendant had a perfect equity, it would be superior to the title of the plaintiff, because the defendant had first made a contract to purchase from the common propositus, and was in actual possession at the time the plaintiff received his deed; but if the equity was not a perfect equity, and therefore not the equivalent of title, the mere possession of the defendant would be obliged to yield to the superior strength of the legal title conveyed through instrumentality of the deed to the plaintiff. The evidence is clear that the defendant had not paid all the purchase-money. It is contended that some part of it was paid to W. J. Grace, the common propositus, and that the greater part was paid to R. L. Means, without any written order from W. J. Grace; and it is admitted in the plea that there is still due $18.90, which has never been paid to any one. The defendant insists that the part which was paid to R. L. Means was paid to the person entitled thereto, but that fact was denied by the plaintiff; and the court could not adjudicate that question unless W. J. Grace and Means were parties to the suit. No decree would bind them. The defendant does not know to whom

to offer the $18.90. She contends that either W. J. Grace or Means or the plaintiff, T. H. Grace, is entitled to it, and avers a willingness to pay it to whomsoever the court, upon inquiry, shall direct it to be paid. In the absence of W. J. Grace and Means, the court can not settle their rights to this balance, any more than it could have settled their rights to the other payments which it is alleged were made to Means. Under these conditions, it is manifest that the defendant's offer was coupled with conditions which, owing to the absence of essential parties, were incapable of accomplishment, and is therefore not the equivalent of payment or legal tender. It was not the plaintiff's duty to make parties in order to help the defendant perfect her equities. The plaintiff had carried his burden by the introduction of his deed, and the crucial moment was at hand. Other parties being needed in order for the defendant to perfect her equities, it was incumbent upon the defendant to bring them into court. By failure so to do, the defendant lost the opportunity of establishing what it was necessary for her to do in order to obtain a perfect equity. Having failed in that respect, there was no effort made by her, independent of the ineffectual tender, to make payment of the unpaid part of the purchase-money. The result of all of this was that she did not show a perfect equity. The court overlooked the necessity of the presence of W. J. Grace and Means as parties, and erroneously directed a verdict upon the assumption that the defendant had shown a perfect equity, and otherwise dealt with the case as if it were a proceeding in equity for the distribution of property, rather than a suit in ejectment, where the question was simply which of the contesting parties had the better title. In the case of *Grizzle* v. *Gaddis*, 75 *Ga.* 350, this court said: "Where one holding a title by deed from a former owner brought ejectment against the tenant in possession of land, the latter could not, by equitable plea, claim from the plaintiff a specific performance of a parol contract alleged to have been made between the defendant and the person from whom the plaintiff bought, and of which it was averred the plaintiff had notice. Especially could not this be done without making the plaintiff's feoffor a party." As to the necessity of having W. J. Grace a party plaintiff, the case of *Hamilton* v. *Williford*, 90 *Ga.* 210 (15 S. E. 753), is in point and controlling. The suit was in ejectment. The defendant filed an equitable plea setting up his parol purchase from the plaintiff's

grantor and actual possession at the time of the plaintiff's purchase, payment of part of the purchase-money, and tender of the balance. The defendant's alleged vendor, who was the plaintiff's grantor, was not a party to the suit. In ruling upon the sufficiency of the plea, the court said: "An equitable plea, otherwise sufficient, would not be available without making the vendor a party, if anything remained to be done to complete the performance of the contract on the part of the first purchaser." The ruling made in the case of *McCandless* v. *Inland Acid Co.*, supra, is not in point. That is not a case where there remained something to be done by the party seeking to set up an equity in order to comply fully with his obligation to his vendor.

*Judgment reversed. All the Justices concur, except Holden, J., who did preside.*