### BANK OF ARLINGTON *v.* SASSER.

HUTCHESON, Justice. 1. Where one holding a bond for title to certain property on which part of the purchase-money has been paid transfers the same to his son, the consideration for the transfer being that the son will pay the balance of the purchase-money and upon title being conveyed to him will convey to the father and his wife a life-estate in a 30-acre portion of the property, such transaction creates a trust for the

benefit of the father and his wife. *Stonecypher* v. *Coleman*, 161 *Ga.* 403 (131 S. E. 75).

(*a*) Upon title being conveyed to the son the trust becomes executed, and the father and his wife have a perfect equity, to the extent of a life-estate, in the 30 acres. See *Curles* v. *Wade*, 151 *Ga.* 142 (2) (102 S. E. 160).

(*b*) A quitclaim deed purports to release and convey only whatever interest the grantor may have in the property conveyed at the time. *Morrison* v. *Whiteside*, 116 *Ga.* 459, 461 (42 S. E. 729). Therefore a quitclaim conveyance of the trust res by one of the cestuis que trust, who originally conveyed the trust res to the trustee and created the trust for himself and the other cestui que trust, operates to convey only the grantor's rights in the trust estate as a cestui que trust, and does not revoke the trust, and the interest of the other cestui que trust is not defeated by such conveyance.

2. Actual possession by the cestui que trust is constructive notice to a purchaser of the occupant's equitable title. *Garbutt* v. *Mayo*, 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58); *Broadwell* v. *Maxwell*, 30 *Ga. App.* 738 (8) (119 S. E. 344). And a purchaser bona fide and for value from the trustee takes with notice of the equitable title. It being stipulated between the parties that the wife, the defendant herein, has been in continuous actual possession of the premises in dispute, claiming under the trust agreement, from a time prior to the execution of the security deed to plaintiff bank up to the trial of the case, and it not otherwise appearing that her possession was with or in right of her husband, the rule that "Possession by the husband with the wife is presumptively his possession" (Code of 1933, § 85-408) does not apply. See *Austin* v. *Southern Home Building & Loan Asso.*, 122 *Ga.* 439 (50 S. E. 382).

3. A perfect equity is the equivalent of legal title (*Dudley* v. *Bradshaw*, 29 *Ga.* 17, 25; *Sikes* v. *Seckinger*, 164 *Ga.* 96, 137 S. E. 833), and is a good defense to an action in ejectment brought by one who took with notice of such equity. *Vanduzer* v. *Christian*, 30 *Ga.* 336; *Floyd* v. *Floyd*, 97 *Ga.* 124 (24 S. E. 451); *Ogden* v. *Dodge County*, 97 *Ga.* 461 (25 S. E. 321); *Grace* v. *Means*, 129 *Ga.* 638 (59 S. E. 811).

4. Under the foregoing rulings and the evidence, the judge did not err in directing the verdict for the defendant.

*Judgment affirmed. All the Justices concur. Atkinson and Gilbert, JJ., concur specially.*

No. 11181. MAY 14, 1936.

*Lowrey Stone,* and *J. M. Cowart,* for plaintiff.

*A. H. Gray,* for defendant.

ATKINSON and GILBERT, JJ. While we concur in the result reached, we are unable to concur in the reason given for the ruling in the second headnote. It is there stated that because of a certain stipulation agreed upon by the parties, Code § 85-408 "does not apply." That section is as follows: "Possession by the husband

with the wife is presumptively his possession, but it may be rebutted." We think that the court is authorized to construe the stipulation agreed upon between the parties, that the wife "has been in continuous possession of the premises in dispute," etc., to mean that the wife was in exclusive possession, that is, that the husband was not in possession at the time the bank acquired its security deed. Thus construed, the evidence authorized a finding that the presumption that the possession of the husband with the wife is his possession was successfully rebutted, and the court was authorized to find that the possession was exclusively in the wife.