## STRICKLAND v. JENKINS et al.

No. 14882.   JULY 7, 1944.

*O. C. Hancock, C. R. Wheeless,* and *Carl T. Hudgins,* for plaintiff.
*George & John L. Westmoreland,* for defendants.

GRICE, Justice. The petition, alleging that the plaintiff was the widow of C. A. Strickland and his sole heir at law, that he died intestate, and that there was no administration on his estate, presented a case wherein whatever right or title he might have had descended to her, with the right to sue therefor in her own name. Code, §§ 113-901, 113-903, 113-907; Powell on Actions for Land, § 70. The petition alleging further that the plaintiff's deceased husband purchased the land from the owner, paid him the purchase-money, and entered into possession, a perfect equity was shown. *Wilkinson* v. *Chew,* 54 *Ga.* 602; *Morgan* v. *Battle,* 95 *Ga.* 663 (22 S. E. 689); *Baldwin* v. *Sherwood,* 117 *Ga.* 827 (45 S. E. 216). Such title is the equivalent of a deed from the vendor. *Grace* v. *Means,* 129 *Ga.* 638, and the numerous authorities there cited. Since the facts above enumerated constitute a perfect equity, and the equivalent of legal title, such facts will support an action

of ejectment by the purchaser, or one who stands in his shoes. See the authorities collected in *Sikes* v. *Seckinger,* 164 *Ga.* 96, 104 (137 S. E. 833); also, *Bank of Arlington* v. *Sasser,* 182 *Ga.* 474 (3) (185 S. E. 826).

The petition stated a case at law for the recovery of land. It was not an equity suit. No equitable relief was sought. The plaintiff asserted only legal title. It was a case respecting title to land, and under the constitution was properly brought in the county where the land lay. Code, § 2-4302. It was erroneous to dismiss the action on general demurrer.

*Judgment reversed. All the Justices concur.*