A petition to recover land and mesne profits, brought in the county where the land lay, alleging that the plaintiff was the widow and sole heir at law of a named person who died intestate, and on whose estate there was no administration; that prior to his death he had purchased the land from the owner, paid him the purchase-money, entered into possession of the land, and died while in possession; that since his death the defendant had taken possession and refused to deliver possession to the plaintiff or pay her the profits, stated a cause of action, and should not have been dismissed on general demurrer.
 No. 14882. JULY 7, 1944.
In the original petition filed in Fulton superior court by Mrs. C. A. Strickland against Mrs. Virginia A. Jenkins and Mrs. Lily S. Clements, it was alleged that the defendants resided in DeKalb County and were in possession of a tract of land in Fulton County to which the petitioner claimed title; that the defendants had received the rents and profits from said land of the value of $300 per year since on or about September 7, 1943; that they refuse to deliver possession or pay the profits to the petitioner; that both she and the defendants claim under J. W. Strickland; that her husband, C. A. Strickland died intestate on May 22, 1941, in possession of said land; that possession of the land was wrongfully and forcibly taken by J. W. Strickland immediately following the death of C. A. Strickland; that the petitioner is the widow and sole *Page 16 
heir at law of C. A. Strickland; that she is entitled to recover said property; and that there has been no administration on the estate of C. A. Strickland. She prayed for process, service, and for a recovery of the property with mesne profits.
The defendants filed general and special demurrers, the grounds of general demurrer being that the petition failed to set forth sufficient facts to constitute a good and valid cause of action against the defendants or either of them, and showed on its face that the facts alleged did not constitute a good and valid cause of action against the defendants, or either of them. The petition was brought to the November term, 1943, of said court. The original demurrers were filed on November 2, 1943. On September 15, 1943, an amendment was allowed and filed, broadening the prayers for process and service. On March 23, 1944, the plaintiff amended by changing the middle initial of Mrs. Virginia A. Jenkins from A to S, so that the name of that defendant would read Mrs. Virginia S. Jenkins; by striking, without prejudice, paragraph five of the petition, wherein it was alleged that the plaintiff and the defendant claimed under J. W. Strickland, deceased; and by rewriting paragraph six so that it would read: "C. A. Strickland, who was the husband of petitioner, died on May 22, 1941, while residing upon said land, and while in actual possession thereof. J. W. Strickland, who was the father of said C. A. Strickland, and also the father of defendants, took wrongful possession of said land after the death of said C. A. Strickland, and against the will of petitioner. And petitioner is entitled in law to recover said land on the prior possession of her said deceased husband."
On March 23, 1944, the plaintiff still further amended her petition by adding another count, designated as count two, in which she alleged that the same defendants were in possession of the same described land, and refused to deliver possession to the plaintiff or to pay said profits; that the plaintiff and the defendants claim title to said property under J. W. Strickland, deceased, as the common source of title, and that it would not be necessary to show title back of said J. W. Strickland. It was also alleged in said count that on or about March 1, 1927, the plaintiff's husband purchased said property from J. W. Strickland, under oral contract, for the sum of $850, and during his lifetime paid to J. W. Strickland the purchase-money in full; that J. W. Strickland *Page 17 
placed C. A. Strickland in possession of the property at the time of its purchase; that he remained in possession until his death, and died during his occupancy of the property. She pleaded that immediately after the death of C. A. Strickland, J. W. Strickland wrongfully took possession; that J. W. Strickland died testate on or about February 1, 1942, and left a will by which he undertook to devise said property to the defendants; that the will, a copy of which was set out as an exhibit, had been probated in solemn form; that the plaintiff is the widow and sole heir of C. A. Strickland; and that no administration was had on his estate. She further alleged that said facts vested a perfect equity in her deceased husband, and vest a perfect equity in her; and prayed for a recovery of said property with rents, profits, and costs.
Upon the allowance and filing of said amendment, the defendants renewed their general and special demurrers to both counts. On the hearing of the demurrers, the court considered only the general grounds, which were the same as to both counts, sustained them, as to both counts, and dismissed the petition. The judge wrote into his order that he was of the opinion that the petition sought equitable relief, presumably basing the dismissal on the theory that the court was without jurisdiction.
The exception is to the sustaining of the general demurrers.
The petition, alleging that the plaintiff was the widow of C. A. Strickland and his sole heir at law, that he died intestate, and that there was no administration on his estate, presented a case wherein whatever right or title he might have had descended to her, with the right to sue therefor in her own name. Code, §§ 113-901, 113-903, 113-907; Powell on Actions for Land, § 70. The petition alleging further that the plaintiff's deceased husband purchased the land from the owner, paid him the purchase-money, and entered into possession, a perfect equity was shown. Wilkinson v. Chew, 54 Ga. 602;Morgan v. Battle, 95 Ga. 663 (22 S.E. 689); Baldwin v.Sherwood, 117 Ga. 827 (45 S.E. 216). Such title is the equivalent of a deed from the vendor. Grace v. Means,129 Ga. 638, and the numerous authorities there cited. Since the facts above enumerated constitute a perfect equity, and the equivalent of legal title, such facts will support an action *Page 18 
of ejectment by the purchaser, or one who stands in his shoes. See the authorities collected in Sikes v. Seckinger,164 Ga. 96, 104 (137 S.E. 833); also, Bank of Arlington v.Sasser, 182 Ga. 474 (3) (185 S.E. 826).
The petition stated a case at law for the recovery of land. It was not an equity suit. No equitable relief was sought. The plaintiff asserted only legal title. It was a case respecting title to land, and under the constitution was properly brought in the county where the land lay. Code, § 2-4302. It was erroneous to dismiss the action on general demurrer.
Judgment reversed. All the Justices concur.