## 32276. CLOUD et al. v. JACKSONVILLE NATIONAL BANK.

JORDAN, Justice.

Jacksonville National Bank brought a complaint seeking ejectment and other relief against Marvin Cloud and Sandra Cloud. The parties entered into a stipulation of facts, and judgment was entered by the judge in a nonjury trial in favor of the plaintiff. The defendants appeal from this judgment.

On August 13, 1974, Charles Cloud, as seller, and the appellants, as buyers, signed a contract for the sale of described residential property. The time for closing the sale was September 15, 1974, and time was of the essence of the contract. The appellants paid $400 as earnest money, but they have not paid any other sum toward the purchase price of $24,000. Charles Cloud agreed to deliver a deed to the appellants, and to furnish them the name of the mortgage company having a loan on the property and the amounts of the monthly payments. He did not deliver the deed or give them the information promised. The appellants were given a key to the house at the time of the execution of the contract and moved into it during August, 1974. They have been in sole continuous and open possession of the property since that time. They cleaned out the debris from the premises, had the furnace and plumbing repaired, installed floor coverings, and washed down the walls.

On November 5, 1974, Charles Cloud executed a warranty deed conveying the same property to Edward Groves, for a valuable consideration, which deed is recorded. On the same date Groves executed a deed to

secure debt to Charter Mortgage Company to secure a loan of $21,600 for the purchase of the property, which deed is recorded. A portion of the proceeds of this loan from Charter Mortgage Company to Groves was used to satisfy the outstanding debt of $7,670.73 on the property in favor of The State Mutual Insurance Company. No one contacted the appellants, prior to closing the loan, as to why they were occupying the premises. Had they been contacted, they would have stated that they were the owners of the property.

On December 13, 1974, for a valuable consideration, Charter Mortgage Company assigned its deed to secure debt to the appellee, which assignment is recorded. On January 14, 1976, through a properly conducted foreclosure sale, the appellee obtained record title to the property.

The trial judge held under the stipulated facts that the appellee has full record legal title to the property, and that appellants have no legal or equitable title. We affirm.

The contract of sale was an executory contract which passed no title. The appellants rely on their possession of the property and their asserted equitable title.

"Possession of land is notice of whatever right or title the occupant has." Code § 85-408. The appellants' possession was constructive notice to the appellee of any right or title the appellants had which it could have discovered by inquiry.

In *Grace v. Means,* 129 Ga. 638, 642 (59 SE 811) (1907), it was held: "Where a vendee of land enters into actual possession and pays the entire purchase price, he thereby acquires a perfect equity which is the equivalent of legal title, and upon the strength thereof can successfully defend in ejectment against the vendor, or any one claiming under him, although no formal deed conveying the legal title was ever executed... The obligor would be under no obligation to convey until full payment according to the terms of the contract. It would remain executory, and no title would pass. In other words, no equity less than a perfect equity would be the equivalent of a deed. If, in the present case, the defendant had a perfect equity, it would be superior to the title of the plaintiff, because the defendant had first made a contract

to purchase from the common propositus, and was in actual possession at the time the plaintiff received his deed; but if the equity was not a perfect equity, and therefore not the equivalent of title, the mere possession of the defendant would be obliged to yield to the superior strength of the legal title conveyed through instrumentality of the deed to the plaintiff. The evidence is clear that the defendant had not paid all the purchase money. . . Other parties being needed in order for the defendant to perfect her equities, it was incumbent upon the defendant to bring them into court. By failure so to do, the defendant lost the opportunity of establishing what it was necessary for her to do in order to obtain a perfect equity." For other cases defining a perfect equity, see: *May v. Sorrell,* 153 Ga. 47, 53 (111 SE 810) (1922); *Strickland v. Jenkins,* 198 Ga. 15, 17 (31 SE2d 18) (1944); *Jackson v. Faver,* 210 Ga. 58 (5) (77 SE2d 728) (1953); *Stembridge v. Smith,* 213 Ga. 227 (2) (98 SE2d 609) (1957).

The appellants do not have a perfect equity in the property since there has been no payment of the full purchase price. They paid only $400 as earnest money, which was to be applied to the purchase price when the sale was consummated. They had made no attempt to perfect their equity by the payment, or tender of the payment, of the remainder of the purchase price, and they have not brought their vendor into this litigation so that any rights they may have had for the enforcement of the contract might be litigated. Their nominal payment on the purchase price did not give them an equitable title.

The appellants assert that the purchase price was not $24,000, but was only the assumption of an existing loan, that this loan was paid by Charter Mortgage Company as a voluntary payment, and that they are thus the equitable owners of the property.

The contract of sale states that the purchase price is $24,000. It is then stated that it is to be paid as follows: "Purchaser to assume and agrees to pay first loan now against said property in the original principal amount of $24,000." If the quoted language should be construed as meaning that the purchase price is merely the assumption of a loan in a lesser amount than $24,000, the purchase price would be indefinite and uncertain, and the

contract incapable of enforcement.

The payment of the existing loan on the property was not made by the appellants, or anyone in their behalf, and they did not become equitable owners of the property because of the payment, by a predecessor in title of the appellee, of the loan which the appellants were obligated to assume.

The appellants had possession alone, without legal or equitable title, and the trial judge did not err in holding that the appellee, with legal title, was entitled to obtain possession of the property.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hall, J., who concur in the judgment only.*

ARGUED MAY 10, 1977 — DECIDED JUNE 8, 1977 — REHEARING DENIED JULY 1, 1977.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellants.
*Smith, Cohen, Ringel, Kohler & Martin, Kenneth Millwood,* for appellee.